The order below is hereby signed.

Signed: November 13 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
LINDA N. AWKARD,               )   Case No. 15-00303
                               )   (Chapter 11)
        Debtor.                )   Not for publication in
                               )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND
ORDER DENYING APPLICATION TO EMPLOY COUNSEL

This order addresses the application (Dkt. No. 55) filed by the debtor, Linda N. Awkard, as a debtor in possession, to employ Wendell W. Webster as her counsel. I will deny the application.

In his affidavit accompanying the application, Webster should have disclosed that he was the chapter 11 trustee in a prior case, *In re Ellipsat, Inc., formerly known as Ellipso, Inc.*, Case No. 09-00148, in which Awkard was a creditor, served as special counsel to the debtor when it was a debtor in possession, and was a proponent of the plan that was confirmed in the case. Awkard had standing to object to Webster's and his law firm's compensation in that case. Webster had standing to object

to Awkard's claims in that case (and, for example, attended the hearing on Awkard's application for compensation as special counsel).

The long passage of time between the *In re Ellipsat, Inc.* case (in which a plan was confirmed in May 2012, which had the effect of ending Webster's services as a trustee in the case, and in which Webster's and his law firm's compensation was paid in August 2012) and Awkard's bankruptcy case (filed in June 2015) likely means that Webster's connection to Awkard by reason of *In re Ellipsat, Inc.*, is not of a type that, upon further inquiry, might disclose a reason to disapprove the application.  However, Webster did not disclose the connection so that the United States Trustee and other parties monitoring the case would be alerted to the connection and could take a position.  If a renewed application is filed, the effect of Webster's having failed to disclose the connection in *this* application on that renewed application and on any application for compensation can be addressed when ruling on the renewed application or on any application for compensation.

It is thus

ORDERED that the application to employ (Dkt. No. 55) is denied without prejudice to a renewed application.

[Signed and dated above.]

Copies to: Recipients of e-notification.